NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

KHARBREL RAY HAYWOOD, *Appellant*.

No. 1 CA-CR 13-0802

FILED 12-23-2014

---

Appeal from the Superior Court in Maricopa County
No. CR 2012-119920-002
The Honorable Roland J. Steinle, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Samuel A. Thumma joined.

---

D O W N I E, Judge:

¶1          Kharbrel Haywood appeals his conviction for misconduct involving weapons.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          A grand jury indicted Haywood in April 2012 for misconduct involving weapons, a class four felony under Arizona Revised Statutes ("A.R.S.") section 13-3102(A)(4). Haywood was assigned court-appointed counsel.

¶3          In August 2012, Haywood filed a Motion for Change of Counsel, which the superior court granted.  The court set a firm trial date of November 29, 2012; however, defense counsel requested and received several continuances beyond that date.

¶4          Haywood filed another Motion for Change of Counsel in February 2013.  The court granted his second request and reset trial for April 3.  Haywood subsequently sought to waive his right to counsel and asked to represent himself. Before granting that request, the court conducted a colloquy, ordered current counsel to serve as advisory counsel, appointed an investigator to assist Haywood, and had Haywood sign a waiver of counsel form.

¶5          In March 2013, Haywood filed a request for disclosure and a motion to continue. Although the court found the State was "in compliance with discovery," it nevertheless directed the State to provide Haywood with "another copy" of a document and reset trial for May 13. In April, Haywood filed several motions, including a request for an "open-ended continuance."  At a May status conference, the court asked Haywood for "a realistic trial date that will not be continued." When Haywood did not offer a date, advisory counsel suggested July 25, 2013, based on the availability of counsel and witnesses.  The court continued the trial to that date.

¶6        On June 4, 2013, Haywood filed a motion to change his advisory counsel, which the court denied. At a June 25 status conference, the court found Haywood was "attempting to delay the proceedings," claiming he was not prepared for trial, yet refusing to meet with his investigator or witnesses. On July 2, the court issued a minute entry stating:

> On July 1, 2013, the Court was informed that for the third time the Defendant has refused transport to conduct interviews of the State's witnesses. The Defendant is failing to cooperate with trial preparation and a continuance of the trial date will not be granted.

¶7        On July 22, 2013, the date jury selection was scheduled to begin, Haywood requested another "open-ended" continuance and filed a "notice of defenses," a request for a suppression hearing, and a "motion to dismiss for lack of probable cause for arrest." Although the court found Haywood had been warned repeatedly to be prepared for trial, it nevertheless continued the trial to July 29. The court warned Haywood: "[I]f you are not prepared to go to trial next Monday, the Court will consider revoking your pro per status."

¶8        Haywood refused to be transported to court for trial on July 29. The next day, he appeared, but stated he was "[o]nce again . . . definitely not ready to go to jury trial today." The court revoked Haywood's pro per status, reappointed advisory counsel to represent him, and proceeded with trial. The jury found Haywood guilty as charged, and he was sentenced to a six-year prison term.[1] Haywood timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]        Although the sentencing minute entry states Haywood's conviction was for a non-dangerous, non-repetitive offense, the sentencing transcript correctly states he was sentenced for a non-dangerous but repetitive offense. When a discrepancy exits between the oral pronouncement and the minute entry, the "[o]ral pronouncement in open court controls over the minute entry." *State v. Whitney*, 159 Ariz. 476, 487, 768 P.2d 638, 649 (1989). Accordingly, we rely on the superior court's oral pronouncement at sentencing.

## DISCUSSION

¶9 Haywood's sole argument on appeal is that the superior court erred by revoking his right to represent himself. We review the revocation of a defendant's self-representation status for an abuse of discretion. *State v. Gomez*, 231 Ariz. 219, 222, ¶ 8, 293 P.3d 495, 498 (2012).

¶10 A court "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). However, serious and obstructionist behavior "is [not] the only type of behavior that may warrant such a revocation." *State v. Whalen*, 192 Ariz. 103, 107, 961 P.2d 1051, 1055 (App. 1997). "A defendant . . . has a constitutional right to proceed without counsel . . . but only so long as the defendant is able and willing to abide by the rules of procedure and courtroom protocol." *Id.* at 106, 961 P.2d at 1054 (internal quotation marks omitted). "[A] trial court may revoke pro per status for serious violations of court orders and rules even if the conduct occurs outside a courtroom proceeding." *Gomez*, 231 Ariz. at 223, ¶ 15, 293 P.3d at 499.

¶11 Haywood repeatedly demonstrated an unwillingness and/or inability to abide by rules of procedure, court orders, and courtroom protocol. Additionally, the record amply supports the superior court's finding he was "causing unnecessary and inappropriate delay." Haywood requested numerous continuances, often "open-ended" in nature, refusing to state when he would be prepared for trial or specifically what he required to be prepared. At one point, the court stated the case could not "go on forever," whereupon Haywood responded: "I don't want to go to trial." When asked what he needed to prepare, Haywood responded he was "reading case law," "need[ed] to do an investigation" and "look for . . . favorable witnesses," and "just a plethora of things." The court responded:

> Here is the problem. You come in each time and you are very vague. I need things. I don't have things. . . . And I try to get you to nail it down and tell me what you need . . . so that I can make sure it gets done and so time and time again, I think you have everything and time and time again [you] tell me no[].

¶12 At a later hearing, the court again asked Haywood to discuss a "realistic trial date." Haywood instead accused the court of being

"sympathetic with the State." Advisory counsel suggested the end of July, leading to the following exchange:

> [Court:] That will give Mr. Haywood two and a half more months to prepare for trial.
>
> . . . .
>
> [Haywood:] Thank god that the State has something to do with it and thank god they agreed on something. If they didn't, I would have to fight for additional time because you wouldn't be willing to grant it to me.
>
> [Court:] I am giving you two and a half more months.
>
> [Haywood:] I understand that.
>
> [Court:] And you have been your own lawyer since January and February, this is not a complex case. All the witness's interviews will be done by May 15 and that is more than two months before trial. . . . [T]hat is almost a year for misconduct involving weapons.

¶13        In a minute entry dated June 25, 2013, the superior court summarized the proceedings, noting that the case had been pending since April 2012, that Haywood had repeatedly asked to change counsel, that numerous continuances had been granted, and that Haywood had been warned to prepare for trial, yet refused to meet with his investigator or interview witnesses. The court concluded:

> The defendant is attempting to delay the proceedings claiming he is not adequately prepared. The Court finds his actions are causing unnecessary and inappropriate delay. Pursuant to the Court's May 9, 2013 in court discussion with the defendant and the minute entry generated from that hearing, and *State v. Lamar*, 205 Ariz. 431, 72 P.3d 831 (2003), the defendant has had more than sufficient time to prepare for trial and a continuance of the trial is not justified.

¶14        The record amply supports the superior court's findings. Additionally, Haywood failed to comply with the Arizona Rules of Criminal Procedure or basic courtroom protocols. On the day scheduled for jury selection, he filed untimely motions and claimed he was unaware of motion deadlines, interrupting the judge repeatedly in discussing the

matter.   *See Faretta*, 422 U.S. at 834 n.46 (Self-representation "is not a license to abuse the dignity of the courtroom" or "not . . . comply with relevant rules of procedural and substantive law."). The superior court did not abuse its discretion by revoking Haywood's pro per status. It provided Haywood with more than sufficient time and resources to prepare for trial and repeatedly warned him of the consequences of failure to follow court rules and orders. Nevertheless, Haywood's lack of cooperation and compliance continued.

## CONCLUSION

¶15        We affirm Haywood's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama